# HENRY KNOLL
## v.
## SUFFRIEN MAYER.

QUESTION OF FACT—INSTRUCTION—DRAINS.—Where it is not clear from admitted or proved facts, it is generally a question of fact for the jury to determine what work may be done in furtherance of good agricultural usage for the purpose of raising crops. The instruction given in this case should therefore have been modfied so as not to charge appellant with any wrong in plowing the land and making the drains in the way it had been done, provided the jury believed from the evidence that the drains were made for the purpose of agriculture only, and in the usual and customary mode followed by farmers in raising crops.

APPEAL from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed July 27, 1883.

Messrs. MOLONEY & BLAKE and Mr. E. F. BULL, for appellant, cited Hicks v. Silliman, 93 Ill. 255; Gillham v. Madison, etc. 49 Ill. 484; Herrington v. Peck, 11 Bradwell, 62.

Mr. D. B. SNOW and Messrs. MAYO & WIDMER, for appellee, cited Hicks v. Silliman, 93 Ill. 264; Harrington v. Peck, 11 Bradwell, 62; Washburn on Easements, Ch. 3, p. 355.

Where substantial justice has been done, the verdict will not be disturbed: Dishon v. Schorr, 19 Ill. 58; Kendall v. Brown, 86 Ill. 387; Warren v. Dickson, 27 Ill. 115; N. E. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; Newkirk v. Cone, 18 Ill. 449.

LACEY, P. J.   The appellant sued the appellee in an action of trespass and on the trial of the cause in the court below the jury rendered a verdict in favor of appellee and judgment was entered against appellant for costs. The suit was based upon a charge that appellant being the owner and possessor of an eighty acre tract of land and the appellee in like manner being possessed of another eighty acre tract lying immediately south of it, the former being the dominant and the lat-

ter the servient estate as respects the water falling on the latter from the former, the appellee dug and made a large embankment from east to west on the north line of his land and on the south line of appellant's one half mile in length, the long way of the two tracts being east and west. That by reason of the embankment the water falling on appellant's tract was obstructed and diverted from its natural flow back on his land and thereby rendered a portion of it unfit for cultivation and damaged his crops.

The appellee denies that he raised such an embankment or any embankment at all in such manner as to cast back the surface water. That there were ample spaces along the line of his fence on the line complained of to allow free passage for all the water naturally falling from the appellant's land, and if there was any embankment as charged it was insignificant in size, caused by plowing and cultivating his land and making turns with his teams next the fence, and made in properly using and cultivating the soil and not for the purposes of an embankment, and that if any damages were caused thereby he was not responsible for them. The appellee also claimed as another defense that the flow of water from the appellant's land was, in a state of nature, eastwardly and southwardly over his own land, or at least it was so to a large extent, and that the latter had changed the natural flow of water from his land onto that of appellee and had increased it beyond what it otherwise would have been by constructing ditches in continuously plowing his land north and south, in small lands allowing the dead furrows to fall in the same places, this work being opposite certain portions of the line, dividing the tracts in question where the construction of the embankment is complained of, and that in such case he had a right to construct the embankment for the purpose of stopping such increased flow.

In accordance with this theory of the defense claiming it to be based on the evidence, he asked and the court gave to the jury his seventh instruction as follows:

"The jury are further instructed that if they believe from the evidence in this case that the plaintiff by constructing

Knoll v. Mayer.

ditches, or by continuously plowing his land from north to south and causing the middle or dead furrows to fall in the same place, has caused water, that would otherwise be stagnant or flow in a different direction, to flow upon the land of the defendant at certain portions of the line, dividing the tracts in question, where it is alleged by plaintiff that defendant has constructed ridges or embankments, then under such a state of facts the plaintiff can not maintain this suit for obstructing such water, even though the jury should believe from the evidence that defendant has obstructed the natural flow of said water to the injury of the plaintiff.

The evidence showed that lands about sixty feet wide had been plowed north and south continuously for a series of years, forming good sized drains wherever there were dead furrows which had been kept in the same place continuously. This instruction appellant assigns for error and claims that it should have been modified so as not to charge appellant with any wrong in plowing the land and making the drains in the way it had been done, provided the jury believed from the evidence that the drains were made for the purpose of agriculture only, and in the usual and customary mode followed by farmers in raising crops.

We are inclined to hold that the instruction was faulty in not being qualified in a manner to obviate the objection complained of.

Generally it would be a question of fact for a jury to determine in a case like this what work may be done in furtherance of good agricultural usage for the purpose of raising crops, and especially where it is not clear from the admitted or proven facts.

If nothing more was done by appellant than is claimed by him the appellee would not have been justified in making his bank and stopping the flow of the water, although an increase had been caused in the plowing by the appellant in the manner shown by the evidence. The rule recognized in Kaufman v. Griesemer, 26 Penn. 407, and quoted in Herrington v. Peck, 11 Bradwell, 62, could not avail appellee unless appellant had wrongfully increased the flow of water.

It is true that the sixth of appellant's instructions informed the jury that he had the right to use, plow and cultivate his eighty acre tract of land as he pleased in accordance with the ordinary methods of good husbandry, although by so doing it might interfere with the natural flow of surface water passing over the same and onto that of defendant, even though by so doing it might increase the amount of water that would naturally reach the land of the defendant. But the defendant's instruction being in opposition to that doctrine, in such positive terms, we think the jury might have been misled by it. The appellant's instructions were all modified, and properly so, in a manner to give the appellee the full benefit of the same exception, and the former should have been given the full benefit of the rule.

From the fact that the evidence concerning appellant's damages seemed to confine it to the land north of the board fence, hence the instruction limiting the question as to the bank to that portion of the line would not seem to be erroneous notwithstanding the declaration averred damages along the entire line.

For the error above stated the judgment of the court below is reversed and the cause remanded.

                                        Reversed and remanded.